UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>A. SCHAAD, et al.,<br><br>Defendants. | Case No. 17-cv-04055-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH PREJUDICE; DISMISSING ONE CLAIM WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that PBSP officers and California Department of Corrections and Rehabilitation ("CDCR") Director Jeffery Beard have violated his constitutional rights. He is granted leave to proceed *in forma pauperis* by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Complaint

The essence of Plaintiff's complaint is that he has been adversely affected by prison staff's retaliatory actions against his cellmate, Rafael Salas. The majority of the events described in this complaint concern actions taken by Salas, and concern prison officials' allegedly retaliatory acts against Salas. Only a handful of the events detailed in the complaint involve Plaintiff's actions or prison staff's treatment of Plaintiff. Plaintiff does not have standing to seek relief for injuries suffered by a third party. *Allee v. Medrano*, 416 U.S. 802, 828–29 (1974) ("[A] plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share."). The Court therefore declines to address any claims relating to retaliatory actions against Salas and only addresses the legal claims arising out of either Plaintiff's actions or injuries suffered by Plaintiff.[1]

Plaintiff makes the following legal claims.

In his first cause of action, Plaintiff alleges that Officer Buchanon violated his Fourteenth

---

[1] The alleged retaliatory actions against Salas are already being litigated by Salas in *Salas v. Nichols*, 17-cv-00663 JST (PR) ("*Salas*"), which was filed earlier this year.

2

1  Amendment right to call witnesses and provide exculpatory evidence when Officer Buchanon
2  refused to call inmate Canon as a witness at Plaintiff's RVR hearing. Plaintiff alleges that Canon
3  would have provided exculpatory testimony and photographic evidence that would prove Plaintiff
4  was innocent of the RVR. Dkt. No. 1 at 41–42. The Supreme Court has recognized that there are
5  five procedural protections required by the federal constitutional guarantee of due process for
6  inmates facing disciplinary proceedings: (1) adequate written notice of the charges, (2) receipt of
7  the written notice at least twenty-four hours before the hearing, (3) ability to present documentary
8  evidence and call witnesses unless doing so will be "unduly hazardous to institutional safety or
9  correctional goals," (4) the factfinder must make a written statement of the evidence relied upon
10 and the reasons behind the disciplinary action, and (5) assistance from a fellow inmate or staff
11 member if the inmate is illiterate or the issues are complex. *See Wolff v. McDonnell*, 418 U.S.
12 539, 566–70 (1974). The Court finds that Plaintiff's allegation that he was denied the ability to
13 call Canon as a witness states a cognizable due process claim against Officer Buchanon.

In his second cause of action, Plaintiff alleges that Officers Barneburg, Lacy, Schaad, Wiliams, and Lomheim violated his rights under the Fourteenth Amendment when Officer Barneburg planted a razor blade inside his cell; when Officer Schaad prepared a report falsely claiming that the blade was found in Plaintiff's cell; and when Officers Lacy, Williams, and Loheim covered up for their colleagues' misconduct. Dkt. No. 1 at 43–44. These allegations fail to state a cognizable claim. Because prisoners do not have a constitutional right to be free from false accusations of misconduct, the falsification of a disciplinary report, standing alone, does not state a § 1983 claim. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (no constitutional claims based on falsity of disciplinary charges); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) (allegations of a false or fabricated disciplinary charge against an inmate fail to state a claim under § 1983); *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports); *Harvey v. Burris*, No. C 14-4133-RS(PR), 2015 WL

3

81878572, *3 (N.D. Cal. Dec. 8, 2015) (allegations that defendants filed false disciplinary report did not give rise to § 1983 claim). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. *Hanrahan*, 747 F.2d at 1140–41. If a false charge results in discipline, the false charge is still not actionable under § 1983 if it does not implicate another constitutional right (e.g., the First Amendment right to be free of retaliation). *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002). To the extent that Plaintiff alleges that he was deprived of procedural due process with respect to the false charge or that the false charge was an act of retaliation, Plaintiff has already made such claims in his first and fourth causes of action, respectively. This cause of action is DISMISSED with prejudice because amendment would be futile. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000) (where amendment would be futile, denial of leave to amend is appropriate).

In his third cause of action, Plaintiff alleges that Officers Ducart, Bradbury, Osborne, Melton, Buchanon, Lawry, Stout, and Lacy are aware that their subordinates regularly retaliate against inmates for engaging in protected First Amendment conduct, and have failed to prevent such retaliation. Dkt No. 1 at 45–47. Plaintiff also alleges that Director Beard is aware of both the pattern of retaliation, and of the failure of Officers Ducart, Bradbury, Osborne, Melton, Buchanon, Lawry, Stout, and Lacy to address this retaliation. *Id.* Plaintiff alleges that the actions and inaction of Director Beard and Officers Ducart, Bradbury, Osborne, Melton, Buchanon, Lawry, Stout, and Lacy violate the Fourteenth Amendment. *Id.* Plaintiff's fourth cause of action makes the allegation that these particular defendants (Director Beard, and Officers Ducart, Bradbury, Osborne, Melton, Buchanon, Lawry, Stout, and Lacy) retaliated against him personally, so the Court construes this third cause of action as challenging these particular defendants' retaliatory action against other inmates. This cause of action fails to state a cognizable claim because Plaintiff has no standing to seek relief on behalf of other prisoners. Standing is the "irreducible constitutional minimum" for bringing a judicial action, and requires an injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[A] plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered

4

injury which would have afforded them standing had they been named plaintiffs . . . a person cannot predicate standing on injury which he does not share." *Allee*, 416 U.S. at 828–29. Accordingly, this cause of action is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

In his fourth cause of action, Plaintiff alleges that Officers Higgerson, Schaad, Williams, Loheim, Barneburg, Lacy, Stout, Lawry, Buchanon, Melton, Osborne, Bradbury, and Ducart retaliated against Plaintiff in violation of the First Amendment when allegedly unconstitutional retaliatory actions taken against Salas had a "spillover" effect on Plaintiff. To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016). According to Plaintiff's allegations, Plaintiff is unable to satisfy the elements of a First Amendment retaliation claim. Plaintiff alleges that the adverse actions are because of *another* prisoner's protected conduct and not, as required for a First Amendment retaliation claim, because of *Plaintiff's* protected conduct. According to the complaint, the only potentially protected conduct that *Plaintiff*, not Salas, engaged in was filing a staff complaint against Defendants Schaad, Williams, Loheim, Lacy and Barneburg on October 2, 2014. This potentially protected conduct took place after the alleged retaliatory actions — the September 12, 2014 cell search; the related September 16, 2014 RVR for weapons possession; the September 22, 2014 confiscation of Plaintiff's property and lunch; and Plaintiff's September 22, 2014 transfer to administrative segregation housing. Dkt. No. 1 at 19–20, 24–25, and 36–39. Accordingly, this claim is DISMISSED with leave to amend.

Given the allegations in the current complaint, it appears unlikely that Plaintiff could amend this complaint to allege that Defendants' behavior constituted First Amendment retaliation without contradicting allegations in the original complaint. But Ninth Circuit precedent is inconsistent as to whether amended pleadings may ever contradict earlier allegations. *Compare*

*Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." (citation, brackets, and internal quotation marks omitted)) (holding that leave to amend would be futile), *with PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations.") (holding that a district court erred in striking inconsistent pleadings as sham litigation). Therefore, in an abundance of caution, the Court will allow Plaintiff leave to amend this claim if he can truthfully do so. The Court notes that "when evaluating an amended complaint, '[t]he court may also consider the prior allegations as part of its "context-specific" inquiry based on its judicial experience and common sense to assess whether' an amended complaint 'plausibly suggests an entitlement to relief.'" *McKenna v. WhisperText*, No. 5:14-CV-00424-PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) (quoting *Cole v. Sunnyvale*, No. C-08-05017-RMW, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010)) (alteration in original).

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint states a cognizable due process force claim against Defendant Buchanon. The Court DISMISSES with prejudice Plaintiff's second and third causes of action. The Court DISMISSES Plaintiff's fourth cause of action with leave to amend.

2. Plaintiff may either proceed with the cognizable claim identified above or he may file an amended complaint that amends his fourth cause of action if he believes that he can truthfully correct the deficiency identified above. If Plaintiff wishes to file an amended complaint, he must do so within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 17-04055 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claim that the Court has

6

already found cognizable, and all of the defendants he wishes to sue, including any defendant that has already been served. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. If Plaintiff fails to file an amended complaint in accordance with this order in the time provided, the complaint docketed at Dkt. No. 1 will remain the operative complaint, and this action will proceed on the due process claim against Defendant Buchanon (first cause of action). The Clerk shall include two copies of the court's civil rights complaint form with a copy of this order to Plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with all attachments (Dkt. No. 1), and a copy of this Order on Officer Buchanon at Pelican Bay State Prison. The Clerk shall also mail a courtesy copy of this Order to the California Attorney General's office.

4. In order to expedite the resolution of this case, the Court orders as follows:

 a. No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

 b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

 c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

7

Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 12/29/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge